# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION AT DAYTON

NICOLE JOHNSON,                    :
                                            Case Nos. 3:12cv00227
     Petitioner/Defendant,      :               3:07cr00104

vs.                                :        District Judge Thomas M. Rose
                                            Magistrate Judge Sharon L. Ovington
UNITED STATES OF AMERICA,          :

                                   :

     Respondent/Plaintiff.

                                   :

---

## REPORT AND RECOMMENDATIONS[1]

---

In November 2007, Defendant Nicole Johnson pled guilty to several federal crimes including one count of bank fraud, one count of money laundering, and one count of false statement on a tax return. She is presently in federal custody serving concurrent sentences totaling 100 months in prison. This matter is before the Court on her "Resentencing Memorandum and Objections to the Guidelines Calculations" (Doc. #31), and the record as a whole. Defendant Johnson argues that her sentence should be adjusted and recalculated "[d]ue to recent significant District, Appellate and Supreme Court rulings . . ." (Doc. #31, PageID at 131).

To support her request for resentencing, Defendant Johnson relies on her plea

---

[1] Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

agreement, which states, "The parties reserve the right to argue that additional specific offense characteristics, adjustments and departures are appropriate. . . ." *Id.* at 159; *see* Doc. #16, PageID at 35. Although Johnson's plea agreement arguably reserves to her a contractual right to seek recalculation of her sentence, *cf. Puckett v. United States*, 556 U.S. 129, 137 (2009) ("plea bargains are essentially contracts"), the Court's authority to adjust or recalculate her sentence must derive from another source, such as 28 U.S.C. §2255(a). "'A district court may modify a defendant's sentence only as provided by statute.'" *United States v. Washington*, 584 F.3d 693, 695 (6th Cir. 2009) (quoting *United States v. Perdue,* 572 F.3d 288, 290 (6th Cir. 2009)); *see* 18 U.S.C. §3582(c)(1)(B) ("the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute . . ."). The applicable statute, 28 U.S.C. §2255 provides, "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States. . . , or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Because Defendant Johnson's Memorandum and Objections make no mention of 28 U.S.C. §2255, the Court cannot recharacterize her Memorandum and Objections as a §2255 Motion without first providing her with certain notice and an opportunity to withdraw or amend her Memorandum. *See Castro v. United States*, 540 U.S. 375, 377 (2003). The Court previously notified Defendant Johnson of various items required by

2

*Castro*, 540 U.S. at 377. (Doc. #33). The notice informed her about the Court's intention to recharacterize her Memorandum and Objections to the Guidelines Calculations (Doc. #31) as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255. The notice also explained to her that recharacterization of her Memorandum and Objections as a §2255 Motion will subject any subsequent §2255 Motion she might seek to file to possible dismissal as a second or successive §2255 motion. And the notice instructed her that in order to avoid recharacterization of her Memorandum and Objections as a §2255 Motion, she must withdraw or amend her Memorandum and Objections on or before June 22, 2012. Lastly, the notice informed her that if she did not withdraw or amend her Memorandum and Objections, the Court would thereafter consider her Memorandum and Objections to constitute a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255.

Defendant Johnson did not respond to the notice by June 22, 2010 and has not otherwise withdrawn her Memorandum and Objections. It is therefore proper to recharacterize and consider Defendant Johnson's Memorandum and Objections as a §2255 Motion. *See Castro*, 540 U.S. at 377. This triggers the need to review her recharacterized §2255 Motion under Rule 4 of the Rules Governing §2255 Motions. Rule 4 requires the Court to initially consider if it plainly appears on the face of Defendant Johnson's Motion, any attached exhibits, and the record of the prior proceedings to determine, that she is not entitled to relief. *See* Rule 4(b) of the Rules Governing Section 2255 Cases.

A federal prisoner who claims that her sentence was imposed in violation of the Constitution or laws of the United States or "is otherwise subject to collateral attack" may move the sentencing court to vacate, set aside, or correct her sentence. 28 U.S.C. § 2255(a). A motion to vacate under § 2255 must be filed within one year after the judgment becomes final, with certain exceptions which are not applicable in this case. *See* 28 U.S.C. §2255(f).

Defendant Johnson's judgment of conviction was entered on April 4, 2008. She did not file a direct appeal of his convictions or sentence. The United States Court of Appeals for the Sixth Circuit has held that when a § 2255 movant does not pursue a direct appeal in the Court of Appeals, her conviction becomes final on the date on which the time for filing such appeal has expired. *Sanchez-Castellano v. United States,* 358 F.3d 424, 427 (6th Cir. 2004). Defendant Johnson's convictions became final for statute of limitations purposes on April 22, 2008. *See* Fed. R. App. P. 4(b) (2008) (amended 2009); *see also Sanchez-Castellano*, 358 F.3d at 427.

Defendant Johnson filed her presently pending §2255 Motion on May 1, 2012, the date she placed it in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379 (1988). This was nearly two years after her conviction had become final and was well beyond §2255's one-year statute of limitations. Her §2255 Motion is therefore untimely.

A district court may dismiss a habeas petition *sua sponte* under Rule 4 on statute-of-limitations ground. *See Day v. McDonough,* 547 U.S. 198, 126 S.Ct. 1675 (2006)

4

(upholding *sua sponte* raising of defense even after answer which did not raise it); *see also Scott v. Collins,* 286 F.3d 923 (6th Cir. 2002). There is no reason why the analysis should be different under § 2255 since both limitations statutes are part of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No 104-132, 110 Stat. 1214.

The United States Supreme Court has held that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida,* __ U.S. __, 130 S.Ct. 2549, 2562 (2010). A habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Holland*, __ U.S. at __, 130 S.Ct. at 2562; *see Dunlap v. United States*, 250 F.3d 1001, 1008-10 (6th Cir. 2001). Defendant Johnson does not indicate the existence of circumstances that impeded her ability to pursue relief under §2255 before the one-year limitations period expired. Consequently, equitable tolling does not assist her in overcoming her statute-of-limitations problem. *See Holland*, __ U.S. at __, 130 S.Ct. at 2562; *see also Johnson v. United States*, 457 Fed.Appx. 462, 469-70 (6th Cir. 2012).

Because reasonable jurists would not disagree with the conclusions reached herein, Petitioner should be denied a certificate of appealability and leave to appeal *in forma pauperis.*

**IT THEREFORE IS RECOMMENDED THAT**:

1.	Defendant Johnson's Resentencing Memorandum and Objections to the Guidelines Calculations (Doc. #31) be recharacterized as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255;

2.	Defendant Johnson's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255 (Doc. #31) be DENIED and DISMISSED with prejudice;

3.	A certificate of appealability and leave to appeal *in forma pauperis* be denied; and

4.	This matter be TERMINATED on the docket of this Court.


July 11, 2012	_____s/ Sharon L. Ovington_____
	Sharon L. Ovington
	United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).